IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RONALD R. FELDER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-797-D |
| | ) | |
| FIRST NATIONAL BANK AND TRUST | ) | |
| COMPANY, N.A., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER OF DISMISSAL**

The Court has examined the Amended Complaint filed in response to the Order of July 18, 2011, and finds that Plaintiff has failed to cure the deficiency in his original pleading. Plaintiff fails to present factual allegations to establish subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332(a). *See* Am. Compl. [Doc. No. 6], ¶ 6. The sole allegation regarding diverse citizenship is that one defendant, Jim Petty, does business and may reside in Arkansas, while Plaintiff resides in Oklahoma.[1] It is well established that § 1332(a) "require[s] complete diversity of citizenship. That is, diversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). In other words, "the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action." *Exxon Mobil Corp. v. Allapattah Serv., Inc.*, 545 U.S. 546, 553 (2005); *see Owen*, 437 U.S. at 374.

The Amended Complaint names nine defendants and fails to allege that all of them have citizenship different from Plaintiff. Thus, the Amended Complaint fails to show the existence of

---

[1] Merely alleging a place of residence is not sufficient to allege citizenship. *See Whitelock v. Leatherman*, 460 F.2d 507, 514-15 (10th Cir. 1972).

federal jurisdiction based on diversity of citizenship. "Federal courts are courts of limited jurisdiction. . . . It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted). Because Plaintiff has failed to allege a basis for the exercise of subject matter jurisdiction in this case, and because Plaintiff has failed to cure this deficiency after it was brought to his attention, the Court cannot proceed further, and the action must be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *see also Tuck v. United Serv. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (a court "must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking") (internal quotation omitted).

IT IS THEREFORE ORDERED that this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

IT IS SO ORDERED this 1st day of August, 2011.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE